IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARILOU RAYMUNDO,

    Plaintiff,

  v.

ACS STATE & LOCAL SOLUTIONS, INC. and DOES 1 through 50, inclusive,

    Defendants.

No. C 13-00442 WHA

**ORDER DENYING MOTION TO COMPEL ARBITRATION AND TO STAY ACTION**

## INTRODUCTION

Plaintiff filed this action against her former employer, alleging discrimination and wrongful termination. Defendant moved to compel arbitration. The motion is **DENIED**.

## STATEMENT

Plaintiff Marilou Raymundo worked for defendant ACS State & Local Solutions, Inc., from 2007 to 2011. In May 2011, she was terminated for excessive absenteeism. The complaint alleges that her absenteeism was due to her severe asthma. Plaintiff filed this action in state court in December 2012, and defendant removed here based on diversity jurisdiction. Plaintiff asserts various state law employment discrimination claims.

Defendant then moved to compel arbitration and to dismiss, or as an alternative to dismissal, to stay the action pending arbitration. The parties dispute whether plaintiff signed the arbitration agreement. By earlier order, the Court ordered discovery and permitted parties

to submit additional evidence and briefing to address the issue (Dkt. No. 30).  Both sides spurned the opportunity.  The Court also requested that the parties be prepared to discuss at the hearing the issue of arbitration fees due from the employee (Dkt. No. 32).

After the hearing, defendant moved for leave to file a second declaration from Jamie Son. Because this declaration should have been filed with the opening brief, so as to give the other side a fair opportunity to respond, defendant's motion for leave to file the declaration is **DENIED**.

## ANALYSIS

Arbitration agreements are governed by the Federal Arbitration Act.  The judge's role under the FAA is limited to determining:  (1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue.  If both of these are true, then the FAA requires the judge to enforce the arbitration agreement according to its terms. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004).

### 1. EXISTENCE OF ARBITRATION AGREEMENT.

The parties dispute whether plaintiff agreed to arbitrate her employment claims according to defendant's Dispute Resolution Program ("DRP").  Defendant argues that plaintiff agreed to arbitrate her claims when she initialed an agreement to arbitrate in her employment application, when she signed an acknowledgment of the employee handbook, which referenced the DRP, and when she completed employee training that incorporated an explanation of the DRP. Plaintiff contends that, "I do not recognize [the DRP agreement], and I do not recall ever seeing it in the application process.  The same is true for the 'E-Signature' and other documents [defendant] submitted to the Court" (Dkt. No. 23-1 at 2).  Defendant has submitted paperwork that plaintiff did, in fact, initial the agreement (Dkt. No. 17 Exh. A-2).  Defendant also submitted affidavits stating that the computer-based program for completing an employment application did not automatically enter the applicant's initials (Dkt. No. 18 ¶ 9).  The evidence shows without dispute that plaintiff electronically signed the documents containing arbitration provisions.  Plaintiff's only response is that she does not now recall doing so.  This is not a denial.  The mere fact that plaintiff does not remember signing the documents is insufficient in the face of concrete evidence that she did initial the agreement.

A prior order gave both parties an opportunity to take discovery on this issue. Plaintiff could have taken discovery to show that the computer application program was faulty or that the signed documents were otherwise false or contrived. Plaintiff spurned that opportunity. On the record established here, this order finds that defendant has proven that plaintiff signed the arbitration agreement.

### 2. VALIDITY OF ARBITRATION AGREEMENT.

Under the FAA, general state contract law applies to determine whether an agreement to arbitrate is valid and enforceable. *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003). The parties do not dispute that California is the relevant state law. Plaintiff offers numerous defenses to the validity of the arbitration agreement, as discussed below.

#### A. Whether the Agreement Was an Illusory Promise.

Plaintiff contends that because the defendant employer could unilaterally modify the DRP, the agreement was an illusory promise. Plaintiff relies on California authority for this proposition, citing *Sparks v. Vista Del Mar Child and Family Services*, 207 Cal. App. 4th 1511, 1523 (2012). Our court of appeals, however, has interpreted an arbitration agreement under California law and specifically refrained from finding that the employer's right to unilaterally modify or terminate the arbitration agreement rendered the agreement *illusory*; rather, the unilateral modification provision was held to be substantively unconscionable. *Ingle*, 328 F.3d at 1179 n.23. "District courts are bound by the law of their own circuit." *Hasbrouck v. Texaco, Inc.*, 663 F.2d 930, 933 (9th Cir. 1981). As such, this order must analyze the effect of the unilateral modification provision under the substantively unconscionable analysis set forth by our court of appeals in *Ingle*, as discussed below. Contrary to plaintiff's assertion, however, the arbitration agreement may not be deemed to have been an illusory promise.

#### B. Whether the Agreement Was Unconscionable.

Under California law, procedural and substantive unconscionability:

> must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. But they need not be present in the same degree. Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or

3

> unreasonableness of the substantive terms themselves. In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa.

*Armendariz v. Found. Health Psychcare Servs. Inc.*, 24 Cal. 4th 83, 114 (2000) (citation and quotations omitted). This order finds that the arbitration agreement is both procedurally and substantively unconscionable.

### *(1)    Procedural Unconscionability.*

Procedural unconscionability refers to oppression or surprise. *Armendariz*, 24 Cal. 4th at 114. Plaintiff contends that various aspects of the arbitration agreement were procedurally unconscionable. This order finds that some aspects of the agreement rendered it procedurally unconscionable.

*First*, plaintiff contends that the arbitration agreement was unconscionable because plaintiff did not knowingly waive her statutory rights. This order disagrees. The DRP explicitly referenced "allegations of: discrimination based on . . . disability" (Dkt. No. 17 Exh. A-1 § 2 D). Plaintiff's reliance on *Renteria v. Prudential Insurance Co. of America*, 113 F.3d 1104, 1105 (9th Cir. 1997), is misplaced because the agreement there was more vague than the agreement at issue here. In *Renteria*, the agreement only stated that disputes were to be arbitrated and did not even reference the general term "employment" to put employees on notice that their employment-related claims were included. Moreover, plaintiff's own authorities show that California law only requires a knowing waiver for sexual harassment claims and *not* for claims under California's Fair Employment and Housing Act. *Delmore v. Ricoh Ams. Corp.*, 667 F. Supp. 2d 1129, 1139 (N.D. Cal. 2009) (Judge Claudia Wilken) (citing *Brookwood v. Bank of Am.*, 45 Cal. App. 4th 1667, 1674–75 (1996)). Plaintiff's alleged failure to knowingly waive her statutory claims when she signed the arbitration agreement did not render the agreement unconscionable.

*Second*, this order agrees that the arbitration agreement was a contract of adhesion. Contracts of adhesion are at least somewhat procedurally unconscionable under California law. *Bridge Fund Capital Corp. v. Fastbucks Franchise* Corp., 622 F.3d 996, 1004 (9th Cir. 2010); *Davis v. O'Melveny & Myers*, 485 F.3d 1066, 1073 (9th Cir. 2007), *abrogated by on different*

4

*grounds Kilgore v. KeyBank, Nat'l Ass'n*, 673 F.3d 947, 960 (9th Cir. 2012); *accord Gentry v. Superior Court*, 42 Cal. 4th 443, 469 (2007), *overruled on other grounds by AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1750 (2011); *Vasquez v. Greene Motors, Inc.*, 214 Cal. App. 4th 1172, 1183 (2013). The arbitration agreement was part of an online employment application, and plaintiff signed the agreement even before working for or interviewing for a position. Defendant admits in its declaration that an employee cannot complete the application without agreeing to the arbitration agreement (Dkt. No. 18 ¶ 9). The arbitration agreement was a contract of adhesion and non-negotiable. Defendant does not dispute that the agreement was non-negotiable, only contending that this fact does not render the agreement unenforceable. Defendant is correct that an arbitration agreement that was a contract of adhesion does not per se render the agreement unenforceable, but adhesion does demonstrate that the agreement was at least somewhat procedurally unconscionable.

*Third*, plaintiff contends that the failure to attach the DRP to the agreement was procedurally unconscionable, but this order disagrees. The arbitration agreement plaintiff signed had a hyperlink to the DRP and stated that applicants should "Please Print the DRP and review it. Keep a copy for your files" (Dkt. No. 17 Exh. A-2). Plaintiff also contends that she was not bound by the DRP because it was not separately signed, but plaintiff's authority for this proposition is inapposite. In *Romo v. Y-3 Holdings, Inc.*, 87 Cal. App. 4th 1153, 1160 (2001), the contract specifically provided that the arbitration agreement would be separately signed. As it was not, the court found the agreement was unenforceable. Here, there is no evidence that the parties contemplated requiring a separate signature on the DRP. This order finds that the DRP was "attached" to her employment application, and the arbitration agreement was not procedurally unconscionable for this reason.

*Fourth*, this order agrees with plaintiff that the failure to have attached the relevant rules from the two possible arbitration associations was procedurally unconscionable. Our court of appeals has found that when rules are not attached, procedural unconscionability is injected. *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 997 (9th Cir. 2010); *accord Sparks*, 207 Cal. App. 4th at 1523; *Zullo v. Superior Court*, 197 Cal. App. 4th 477, 486 (2011); *Trivedi v. Curezo Tech. Corp.*,

5

189 Cal. App. 4th 387, 393 (2010) (collecting decisions).  In the face of these decisions, defendant cites one contrary decision.  *Wilson v. United Health Group, Inc.*, No. 2:12-cv-01349-MCE-JFM 2012 WL 6088318, *4 (E.D. Cal. Dec. 6 2012) (Judge Morrison England, Jr.).  In the instant action, the online application did not even supply a hyperlink to the relevant rules from the arbitration agency, and instead imposed the burden on the applicant to track them down.  Defendant's late-filed declaration asserted that the internal DRP Rules were available via the hyperlink and on the company's intranet (Dkt. No. 33-1 at 3).  We will take for granted the contention by defendant in its late filing that the hyperlink led to the DRP.  Nonetheless, that would not save if from unconscionability.  The DRP contained 35 provisions and covered nine-pages (Dkt. No. 21-1).  While the DRP supposedly trumped the rules from the arbitration agency, it would have been impossible for an employee to see what arbitration rules were since the JAMS and AAA rules were *not* appended or accessible via hyperlink.  Considering authority from our court of appeals and the great weight of the state-law authority, this order finds that failing to append or link to the JAMS and AAA rules added procedural unconscionability.

*Fifth*, compounding the foregoing is the inconsistent interpretation of the DRP Rules given by defendant itself to the exact same wording.  The DRP provided, in relevant part, (Dkt. No. 21-1 at 23, 27–28, 30):

> **3. Initiation of the Mediation and Arbitration Processes**
>
> \*         \*         \*
>
> B.  Proceedings may be initiated by an Employee or Applicant by serving a written request to initiate proceedings on the Company's Dispute Resolution Plan Administrator.  The Company will promptly forward any properly served request it has received to AAA or JAMS.
>
> \*         \*         \*
>
> **24.  Communications with the AAA or JAMS and the Company**
>
> A.     Any Party may communicate with AAA by contacting:
>
> American Arbitration Association,
> Employment Department
> 1750 Galleria II Tower
> 13455 Noel Road

6

```
                Dallas, Texas 75240
                (800) 426-8792
                Fax: (972) 490-9008

                Or with JAMS by contacting:

                JAMS Dallas
                8401 N. Central Expressway
                Suite 610
                Dallas, TX 75225
                (800) 352-5267
                Phone: (214) 744-5267
                Fax: (213) 720-6010

        B.  Any Party may notice, serve or communicate with the
        Company by contacting:

                Dispute Resolution Plan Administrator
                2828 N. Haskell
                Dallas, Texas 75204

                        *               *               *

        32. Fees and Expense

                        *               *               *

        E.  The Employee or Applicant shall pay a $50 fee if he or
        she initiates mediation and $100 if he or she initiates
        arbitration.  If the employee participates in mediation and
        pays the $50 fee, he or she will only have to pay an
        additional $50 to initiate arbitration.  Otherwise,
        Employee/Applicant Parties shall not be responsible for
        payment of fees and expenses of proceedings under these
        Rules including required travel of an arbitrator or a
        mediator, expenses of an arbitrator, mediator, AAA or
        JAMS, and the cost of any proof produced at the discretion
        of an arbitrator.  Either the Plan Administrator or the
        Arbitrator or the AAA or JAMS may consider a claim of
        financial hardship related to paying the fee(s) and may
        waive the fee, in which case it will be paid b the Company.
```

In 2006, in another ACS case, Judge Claudia Wilken examined these same provisions in the same agreement. There, ACS asserted that "[n]othing in the plan authorized [the plaintiff] to submit her claims directly to an arbitration agency" (*Luafau v. ACS*, No. 06-cv-347-CW (Judge Claudia Wilken), Dkt. No. 45-5). There, defendant ACS went so far as to challenge that plaintiff's choice of AAA when the DRP administrator chose JAMS instead (*id.* at 6). Finally, there, defendant ACS did not discuss whether the employee had to pay the employer the filing fee although it cited a decision regarding the issue (*Luafau*, No. 06-cv-347-CW, Dkt.

7

No. 33-8). Judge Wilken adopted defendant's understanding of the DRP and stated that "[b]ecause [the plaintiff] failed to serve her request on the DRP Administrator, Plaintiff did not comply with the DRP." *Luafau v. ACS*, No. 06-cv-347-CW, 2006 WL 2619365, *3 (N.D. Cal. Sept. 12, 2006). Judge Wilken also accepted that defendant was able to choose the arbitration agency, as opposed to the employee. *Id.* at *4.

In the present case, however, defendant has interpreted the same language exactly the opposite. Here, defendant contends that "[e]mployees and/or applicants often also initiate arbitration by submitting a written request for arbitration directly to AAA or JAMS" (Dkt. No. 33-1 at 3). This is in direct contrast to defendant's argument in the action before Judge Wilken. Additionally, defendants now contend that "[t]he employee has the option of selecting either AAA or JAMS to administer the arbitration proceedings" (*ibid.*). This is the exact opposite of before. Finally, at our hearing, defendant's counsel stated that the employer "hand[s] over the one hundred dollars from the plaintiff to JAMS" (Tr. 20). In a late-filed declaration, however, defendant contends that "the agency submits an invoice to both parties for the party's portion of the arbitration fees" (Dkt. No. 33-1 at 3). Defendant's inconsistent interpretation of the arbitration procedure demonstrates that the whole matter is a trap for the unwary used to entangle employees in a web of ever-shifting "rules."

Thus, to summarize, taking into account the procedural shortfalls, this order finds the arbitration agreement was procedurally unconscionable because the agreement was a contract of adhesion, because defendant did not provide or link the rules from the arbitration agency, and because defendant has applied the DRP inconsistently.

### *(2)   Substantive Unconscionability.*

Substantive unconscionability concerns how one-sided the bargain is. *Armendariz*, 24 Cal. 4th at 114. An arbitration agreement that lacked mutuality without a reasonable justification is sufficient to establish substantive unconscionability. *Id.* at 117–18. Plaintiff offers several reasons why the arbitration agreement was substantively unconscionable, but this order finds that requiring the employee to pay the employer to initiate arbitration is sufficient to find the agreement unenforceable.

8

Our court of appeals has found that a fee, even one that is less than the filing fee in court, that an employee must pay to the employer in order to initiate arbitration was substantively unconscionable. *Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1107–08 (9th Cir. 2003) (citing *Ingle*, 328 F.3d at 1177). Here the defendant's internal rules under the DRP provided that "[t]he Employee or Applicant shall pay . . . $100 if he or she initiates arbitration" (Dkt. No. 24-1 at ¶ 32(E)). This rule was silent as to whether the employee's fee would be applied by the employer to the arbitration agency. In turn, this raised a further question. Assuming as true defendant's assertion that employees may file directly with the arbitration agency to initiate a claim, there would have been no reason to require the employee to give any money to the employer; presumably, the employee would have already paid the fee to initiate arbitration. This fee provision was and remains substantively unconscionable. Because this provision is sufficient to render the agreement unconscionable, this order does not reach plaintiff's contentions that other provisions of the agreement are unconscionable, including defendant's ability to unilaterally modify the contract.

### *(3)  Sliding Scale.*

Here, the procedural unconscionability was substantial because the agreement was a contract of adhesion, failed to attach the rules, and has been interpreted inconsistently by defendant. Substantively unconscionable was significant because the employee is required to pay the employer to initiate a claim. Thus, the arbitration agreement was unconscionable.

### C.  Severability of Unconscionable Provision.

California Civil Code Section 1670.5(a) "appears to give a trial court some discretion as to whether to sever or restrict the unconscionable provision or whether to refuse to enforce the entire agreement. But it also appears to contemplate the latter course only when an agreement is 'permeated' by unconscionability." *Armendariz*, 24 Cal. 4th at 124. The factors that guide courts on when to refuse to enforce the agreement are: (1) the number of unconscionable provisions such that unconscionability permeates the entire agreement, and (2) whether it is possible to strike out the unconscionable provision without resorting to rewriting the agreement. *Ibid.* "[S]everance is not mandatory and its application in an individual case must be informed

by equitable considerations." *Marathon Entm't, Inc. v. Blasi*, 42 Cal. 4th 974, 992 (2008). Severing provisions is appropriate "to avoid an inequitable windfall or preserve a contractual relationship where doing so would not condone illegality." *Ibid.*

Here, it is not possible to sever the unconscionable provision because defendant has been inconsistent in interpreting the agreement. There is no guarantee that defendant would abide by the interpretations it has asserted in this action. In other words, severing the unconscionable provision would not ensure that defendant will eschew other interpretations in the arbitration proceeding or with other employees. No party would receive an inequitable windfall if the arbitration agreement was unenforceable. This order finds that equitable considerations do not support severance, and the entire arbitration agreement is unenforceable.

## CONCLUSION

Defendant's motion to compel arbitration is **DENIED**

**IT IS SO ORDERED.**

Dated: May 16, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE