IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARILOU RAYMUNDO,

    Plaintiff,

  v.

ACS STATE & LOCAL SOLUTIONS, INC. and DOES 1 through 50, inclusive,

    Defendants.

No. C 13-00442 WHA

**ORDER DENYING MOTION TO STAY AND VACATING HEARING**

In this employment discrimination action, the immediate question is whether proceedings should be stayed pending appeal. For the reasons stated below, the motion to stay is **DENIED**.

Plaintiff Marilou Raymundo worked for defendant ACS State & Local Solutions, Inc., from 2007 to 2011. The complaint alleges that plaintiff was terminated due to absenteeism that was caused by her severe asthma. The complaint alleges various state law employment discrimination claims. A prior order denied defendant's motion to compel arbitration because the employer's Dispute Resolution Program was procedurally and substantively unconscionable (Dkt. No. 39). Defendant filed a notice of appeal pursuant to Section 16 of the Federal Arbitration Act, which authorizes an immediate appeal from an order denying arbitration (Dkt. No. 44). Defendant now moves to stay proceedings pending the resolution of that appeal.

Our court of appeals considers four factors in determining if a stay pending appeal of the denial of a motion to compel arbitration is warranted: (1) whether the stay applicant has made a

1 strong showing that he is likely to succeed on the merits; (2) whether the applicant will be
2 irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the
3 other parties interested in the proceeding; and (4) where the public interest lies. *Leiva-Perez v.*
4 *Holder*, 640 F.3d 962, 964 (9th Cir. 2011). These factors are weighed on a sliding scale,
5 whereby the elements are balanced so that a stronger showing of one element may offset a
6 weaker showing of another. *Ibid.*

7 Here, there will be no substantial harm to defendant in allowing reasonable discovery
8 to go forward, inasmuch as discovery will be useful even if this action is ultimately arbitrated.
9 Defendant will therefore not be unreasonably prejudiced by proceeding with discovery for the
10 time being.

11 As to summary judgment and trial, a trial would be inconsistent with defendant's claimed
12 right to arbitrate this action. In the event that the appeal is pursued at a reasonable pace, trial
13 will be postponed in order to have the benefit of the ruling of our court of appeals. If, however,
14 defendant simply uses the appeal as a delaying tactic and draws out the process unreasonably,
15 the Court will likely allow summary judgment and/or trial to go forward. Ultimately, at this
16 stage, the balance of equities weighs in favor of proceeding with discovery.

17 It is the responsibility of the parties to bring a further motion to stay as we approach the
18 date for motions for summary judgment under the case management order (Dkt. No. 40). To the
19 extent that either party wishes to stay proceedings before the summary judgment stage, a motion
20 must be filed in time to be heard and decided in advance of the May 15, 2014, deadline for
21 dispositive motions.

22 For the foregoing reasons, defendant's motion to stay is **DENIED WITHOUT PREJUDICE**.
23 The August 15 hearing is **VACATED**.

25 **IT IS SO ORDERED.**

27 Dated: August 6, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2